IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON OTIS LEWIS, JR., | No. C 06-2355 MMC |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| SPEER, et al., | |
| Defendants. | |

On April 4, 2006, plaintiff, an inmate currently incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, alleging that SQSP officials have misclassified him and have wrongfully deprived him of his personal property. In a separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id.

§ 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

    1.    Classification

Plaintiff claims that prison officials wrongfully changed his classification from "A" to "B," after he was charged with possession of escape paraphernalia. An inmate's change in classification, and the resulting changes in prison conditions, do not implicate the Due Process Clause. See <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing <u>Moody v. Dagget</u>, 429 U.S. 78, 88 n.9 (1976)) (finding no constitutional right to particular classification). Nor does misclassification inflict pain, so as to constitute cruel and unusual punishment in violation of the Eighth Amendment. See <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1255-56 (9th Cir. 1982); <u>Ramos v. Lamm</u>, 639 F.2d 559, 566-67 (10th Cir. 1980). Accordingly, the alleged change in plaintiff's classification fails to state a claim for the violation of his constitutional rights, and, consequently, does not state a cognizable claim for relief under § 1983.

    2.    Personal Property

Plaintiff claims that prison officials have failed to replace certain items of his personal property, including office supplies, photographs, and books. According to plaintiff, he met with officials in June 2005, at which time they agreed to replace this property, and that to date they have not done so.

The federal right to due process ordinarily requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See <u>Memphis Light, Gas & Water Div. v. Craft</u>, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized. See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535-44

(1981) (finding no claim where state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding no claim based on intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides such adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Here, as noted, plaintiff alleges that officials agreed to replace his missing property, but have not done so. Plaintiff makes no claim that the original deprivation of his property was improper, that it violated his right to due process, that he did not receive the procedures required by due process when the property was taken from him, or even that the property was taken by prison officials. The only claim plaintiff makes is based on the failure of such officials to replace his property. As the alleged failure to replace his property was unauthorized, it does not implicate his right to due process. Although plaintiff may bring a tort claim in state court for the replacement of his personal property, such a claim does not state a cognizable claim for relief under federal law.

## CONCLUSION

For the reasons set forth above, plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 14, 2006

MAXINE M. CHESNEY
United States District Judge